UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BROWN,<br><br>            Petitioner,<br><br>v.<br><br>RICHARD MORGAN,<br><br>            Respondent. | Case No. C05-5280FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 28th, 2006** |

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner challenges a 1988 Lewis County conviction and the respondent shows the petition to be time barred. (Dkt. # 13). Petitioner's reply does not address the time bar issue in any meaningful way. (Dkt. # 17). The court recommends this petition be **DISMISSED WITH PREJUDICE** as time barred.

## FACTS

Petitioner challenges his Lewis County Superior Court conviction for one count of murder in the first degree. He was sentenced to 364 months of confinement. (Dkt. # 13, Exhibit 1). He was

REPORT AND RECOMMENDATION
Page - 1

sentenced on October 25th, 1988. (Dkt. # 13, Exhibit 1).

Petitioner filed nothing to challenge either his conviction or sentence until February 20th, 1992. (Dkt. # 13, Exhibit 3). On July 7th, 1992 the state court of appeals dismissed the petition. (Dkt. # 13, Exhibit 5). On January 6th, 1993 petitioner filed an untimely motion for discretionary review with the state supreme court. (Dkt # 13, Exhibit 6). While the motion was untimely the court commissioner considered the motion on the merits and dismissed the petition on April 8th, 1993. (Dkt. # 13, Exhibit 7).

Over six years later, On November 18th, 1999, petitioner filed a state writ of habeas corpus to challenge his transfer to a private prison in Colorado. (Dkt. # 13, Exhibit 9). On March 6th, 2001 his petition was dismissed. (Dkt. # 13, Exhibit 10).

Nearly two years later, on April 12th, 2003 petitioner filed a state writ of habeas corpus in the Walla Walla Superior Court. (Dkt. # 13, Exhibit 11). The petition was transferred to the state court of appeals where it was dismissed on June 3rd, 2003 as time barred. (Dkt # 13, Exhibit 13).

Nearly one year later, on May 16th, 2004, petition again filed a state writ of habeas corpus in the state superior court. (Dkt. # 13, Exhibit 14). Again the writ was transferred to the state court of appeals and on October 28th, 2004 the court found the petition to be time barred. (Dkt # 13, Exhibit 16). Petitioner filed a timely motion for discretionary review on November 10th, 2004. (Dkt # 13, Exhibit 17). On January 18th, 2005 the state supreme court dismissed the motion noting the challenge was time barred. (Dkt. # 13, Exhibit 18). This federal habeas corpus petition filed under 28 U.S.C. 2254 followed. The petition was signed March 12th, 2005.

## DISCUSSION

One Year Limitation Period of 28 U.S.C. § 2244(d)

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For Mr. Brown the one year time frame would have commenced when the act was past on April 24th, 1996. The one year ran from April 24th, 1996 to April 24th, 1997 without interruption. By November 18th, 1999 when petitioner filed his petition challenging transfer to Colorado the one year time frame for filing a federal petition to challenge his conviction or sentence had run. The statute ran over eight years before the filing of the current petition. The court recommends **DISMISSAL** of this petition as time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 28th, 2006**, as noted in the caption.

Dated this 23rd day of March, 2006.

                */s/ Karen L. Strombom*
                Karen L. Strombom
                United States Magistrate Judge